BURTCH *v.* DENT.

Credits wrongfully made upon a promissory note, may properly be obliterated.

Wednesday,
December 21.

APPEAL from the *Boone* Circuit Court.

*Per Curiam.*—Complaint by the appellee against the appellant, on a note made by the appellant to the appellee on the 14th of *August,* 1847, for 56 dollars.

Answer in denial, and payment in part.

Trial by the Court, finding and judgment for the plaintiff for 78 dollars, 95 cents, over a motion for a new trial.

The only question raised is, whether certain indorsements on the note should have been allowed as credits thereon.

The note was indorsed as follows:

"*February* 19, 1848, paid on the within note forty dollars."

"*January* 21, 1857, paid on the within note and interest thereof, twenty-nine dollars."

These indorsements, says the bill of exceptions, are almost entirely defaced and obliterated by a copious coat of ink of a different color from that with which the indorsements were written, also, by some strokes, made with a pen, across the credits, in the same colored ink as the obliterations, leaving the indorsements of payment readable through the obliterations. It appeared that one *James Miles*, as agent of the plaintiff, six or seven years before the trial, presented the note to the defendant, who then paid him 10 dollars thereon; that the defendant then took the note and entered upon it a credit or credits, including some book accounts, which he said he held against the plaintiff, for medical services, which nearly satisfied the note. *Miles* remonstrated, saying he did not wish the note credited with anything but the money he got; that he had no authority to receive anything but money on the note. The defendant said it was all right, and if not, he would make it right with the plaintiff. On returning the note and money to the plaintiff, she said the credits were not right. The witness does not know whether there were two credits indorsed on the note, or only one, and does not know who made the obliterations.

From the amount found by the Court, it would seem that the 10 dollars thus paid, was allowed the defendant, but the indorsements were disallowed, and we are not disposed to disturb the finding of the Court below. The credit or credits thus indorsed upon the note, by the defendant, were wholly unauthorized, and the plaintiff had a perfect right to obliterate them. A resort to such means

Nov. Term,
1859.

to obtain credit for an account, or evidence to show payment of a note, has but little to commend it.

In reference to the second credit indorsed upon the note, it may be observed that it does not appear in whose handwriting it was, or when it was made, except from its date.

It is shown that when the notes were returned to the plaintiff, she said the credits were not right, and from all the evidence in the case, we cannot say the Court was wrong in finding, in effect, that both credits were made without authority of the plaintiff.

The judgment is affirmed with 10 per cent. damages and costs.

*A. J. Boone*, for the appellant.